IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE and ERNEST M. HANSON,

              Plaintiff,                          OPINION AND ORDER

      v.                                        13-cv-865-bbc

WISCONSIN DEPARTMENT OF CORRECTIONS,
EDWARD WALL, CHARLES COLE,
DENNIS SCHUH, JUDY P. SMITH,
STEVE WIERENGA, MARK WEISGERBER,
CAPTAIN TESS, KATHY SABEL,
SANDY DEYOUNG, CORRECTIONAL OFFICER OLIG,
CORRECTIONAL OFFICER YINGLERS,
SERGEANT HUNT, CORRECTIONAL OFFICER TURNER,
CORRECTIONAL OFFICER HARRINGTON,
CORRECTIONAL OFFICER DILLMAN,
CORRECTIONAL OFFICER RIEGERT, SERGEANT TRITT,
CORRECTIONAL OFFICER EWIRT,
CORRECTIONAL OFFICER MARTINEZ,
SERGEANT OSTROWSKI and
CORRECTIONAL OFFICER JANE/JOHN DOE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Lloyd Schuenke and Ernest M. Hanson, inmates at the Oshkosh Correctional Institution, have filed this proposed lawsuit, alleging that prison policies put them at risk of sexual assault. Plaintiffs seek leave to proceed in forma pauperis. After considering plaintiffs' allegations, I conclude that they are too vague to state claims upon which relief may be granted and will give them a chance to file an amended complaint

1

explaining their claims more fully. I will also give them a chance to say whether they wish to proceed with the case jointly.

Plaintiff alleged the following facts in their complaint.

ALLEGATIONS OF FACT

Plaintiff Lloyd Schuenke and Ernest Hanson are inmates housed at the Oshkosh Correctional Institution. On September 12, 2013, plaintiff Schuenke received a conduct report for covering his cell window with a piece of cardboard. Plaintiff Hanson arrived at the Oshkosh prison in October 2013. (Plaintiff Hanson is transgender.) He and Schuenke became cellmates. On October 18, 2013, Hanson received a conduct report for covering his cell window.

Prison policies and federal laws, including the Prison Rape Elimination Act, are intended to reduce the number of sexual assaults occurring in prisons. However, plaintiffs state that defendant prison officials

> have conspired in concert directly and indirectly . . . to deliberately, intentionally, knowingly, maliciously and sadistically use their policy making authority to implement and enforce an institution policy and procedure which allows for the defendants to use the disciplinary system in order [to] discipline convicts, inmates and offenders for indecently exposing their intimate parts to either correctional personnel or other convicts, inmates, and offenders because they are not able to freely exercise their inherited constitutional right to privacy.

Plaintiffs believe that they are at risk of sexual assault because they are not allowed to cover their cell windows while using the toilet.

OPINION

A. Plaintiff Hanson

On January 15, 2013, plaintiff Hanson filed a motion to withdraw his name from the complaint, stating that he did not think the case had merit. On February 5, 2013, Hanson filed a motion to withdraw his previous motion, saying that he had changed his mind. For now, I will grant the second motion, consider the first motion withdrawn and keep Hanson in the case. However, I will tell plaintiffs what the court routinely tells prisoners who bring multi-plaintiff lawsuits. Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action, Boriboune v. Berge, 381 F.3d 852, 856 (7th Cir. 2004), although if I conclude that they are indigent they will have to prepay only an initial partial payment of the filing fee which will be determine after reviewing their financial information. A decision on the requests to proceed in forma pauperis will be delayed until each plaintiff submits a trust fund account statement for the six-month period beginning roughly June 13, 2013 and ending about December 13, 2013.

Plaintiffs should be aware that when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if sanctions are imposed as to any aspect of the case. Each plaintiff

3

must sign each document that is submitted to the court. Finally, I am required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action if I conclude that the case is frivolous, malicious or fails to state a claim upon which relief may be granted.

Because plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Any plaintiff who does not withdraw will be required to make an initial payment of the $350 fee for filing the action. Should a plaintiff choose to withdraw from the lawsuit, he will not have to pay the $350 filing fee. Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

### B. Imminent Danger and Screening

In addition to the issues regarding plaintiffs' decision to jointly proceed on this case, I will address the problems with the substantive allegations in their complaint. Plaintiffs seek leave to proceed in forma pauperis with their claims, but as I have stated in previous cases, plaintiff Schuenke has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Schuenke has brought actions that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. Schuenke v. Wisconsin Dept. of Corrections, 96-C-748 (W.D. Wis. Sept. 30, 1996); Schuenke v. County of Milwaukee, 97-C-46 (W.D. Wis. Jan. 30, 1997); and Schuenke v. Wisconsin Dept. of Corrections, 98-C-95 (W.D. Wis. Mar. 23, 1998). Therefore, this case cannot proceed unless I find that Schuenke has alleged that he is in imminent danger of serious physical injury.

If plaintiffs' allegations met this burden, the next step would be to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).

Unfortunately for plaintiffs, I cannot allow them to proceed with their claims at this time because their allegations are not sufficient under either the imminent danger standard or the screening standard. They allege that they have been given conduct reports for covering their cell windows (presumably when they are using the toilet) and believe that they face a risk of sexual assault because other inmates can see them use the toilet. However, they do not explain in specific terms why they think this is so. Most of their 37-page complaint consists of prison policies defining improper sexual activity and explaining how prisoners are directed to act to avoid being sexually assaulted or subjected to conduct reports for sexual

5

contact.

It is clear that plaintiffs do not think that these policies are adequate, but to the extent that plaintiffs believe they violate the federal Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, *et seq.*, nothing in that Act suggests that it was intended to create a private cause of action and nothing suggests that Congress intended to override the state's Eleventh Amendment immunity. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." Gonzaga University v. Doe, 536 U.S. 273, 286 (2002). Thus, plaintiffs cannot bring a claim under this Act.

To the extent that plaintiffs actually believe they are threatened by other inmates' actions and the various defendants' responses to those threats are inadequate or the Department of Corrections policies are ineffective, they do not provide any detail about actual threats they have faced. All they are saying is that they believe they are at risk because they cannot cover their cell window when they use the toilet, but at this point there is no reason to believe their fears are based on anything more than speculation, and speculation alone cannot support a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Atkins v. City of Chicago, 631 F.3d 823, 830-32 (7th Cir. 2011) (to avoid dismissal, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level").

However, as a general rule plaintiffs should be given a chance to amend their complaints when they may be able to assert a viable claim, so I will give plaintiffs a chance

6

to submit an amended complaint. Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010). Plaintiffs should draft the amended complaint as if they were telling a story to people who know nothing about their situation. This means that someone reading the complaint should be able to answer the following questions:

- Why do plaintiffs believe they face a risk of sexual assault due to their cell windows being uncovered? Have they received threats or seen other inmates threatened or assaulted?

- What has each named defendant done to violate plaintiffs' rights?

The amended complaint will completely replace the original complaint, so plaintiffs should include all the allegations from the original complaint they think are important, along with their new allegations providing further explanation of their claims. They need not include dozens of pages quoting from administrative regulations. It is sufficient for them to summarize the regulations briefly and explain why they think they are inadequate or inappropriate.

Should plaintiffs fail to submit their amended complaint by the deadline set in this order, the court may dismiss the case for plaintiffs' failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Ernest Hanson's motion to withdraw his earlier motion to withdraw from the case, dkt. #9, is GRANTED. The earlier motion, dkt. #8, is considered WITHDRAWN.

2. Plaintiffs Lloyd Schuenke and Ernest Hanson may have until March 28, 2014, in which to advise the court whether each of them wishes to prosecute this action jointly.

3. If plaintiffs decide to proceed with the action, each may have until March 28, 2014, in which to submit a trust fund account statement covering the period beginning June 13, 2013 and ending December 13, 2013. If, by March 28, 2014, either plaintiff fails to submit the required statement, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

4. Plaintiffs' complaint is DISMISSED under Federal Rule of Civil Procedure 8.

5. Plaintiffs may have until March 28, 2014 to submit an amended complaint explaining the basis for their claims more fully. Should plaintiffs fail to submit their amended complaint by this deadline, the case may be dismissed for failure to state a claim upon which relief may be granted, at which time each plaintiff would receive a strike under 28 U.S.C. § 1915(g).

Entered this 7th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge